UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
JOSEPH BENDER,

                    Plaintiff,

               -against-

BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, TOWN OF CHESTER, JANE JOHNSON SKEELS,

                    Defendants.
-------------------------------------------------------------------x

**08 CV 2087**

**JUDGE BRIEANT**

NOTICE OF REMOVAL

Docket No.

      Defendants BRIAN J. JARVIS, POLICE CHIEF OF THE TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, and TOWN OF CHESTER, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, as and for their Notice of Removal, set forth as follows:

    1.    This action was commenced in the Supreme Court of the State of New York, County of Orange, against Brian Jarvis, Police Chief of the Town of Chester, Town of Chester Police Department, the Town of Chester, and against Pennsylvania resident, Jane Johnson Skeels. A copy of the summons and verified complaint is annexed hereto Exhibit "A". No further proceedings have been had in the action.

    2.    Plaintiff brings this action, under state and federal law, claiming that his federal constitutional rights were violated by defendants in connection with police action taken against him.

    3.    This case, therefore, falls within this court's federal question jurisdiction, 28 U.S.C. § 1331. Defendants are to remove this action pursuant to 28 U.S.C. § 1441(b), which provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. The Town of Chester defendants first received notice of this lawsuit on February 25, 2008.

5. The complaint was received with an order to show cause for a preliminary injunction. The return date for that order to show cause is March 4, 2008. A copy is annexed as part of Exhibit "A". Defendants have not yet appeared in that action.

**WHEREFORE**, defendants pray that the above-captioned proceeding, now pending in the Supreme Court of the State of New York, County of Orange, be removed therefrom to this Court.

Dated: Mineola, New York
       March 3, 2008

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
Attorneys for Defendants BRIAN J. JARVIS, POLICE CHIEF OF THE TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, and TOWN OF CHESTER

By: _____
     BRIAN S. SOKOLOFF (bss-7147)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No. 08-108

TO:  THOMAS J. CIONE
     One Railroad Avenue
     PO Box 615
     Goshen, New York 10924

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------x
JOSEPH BENDER,

                         Plaintiff,

                                                VERIFIED COMPLAINT
                                                Index No.

     -against-

BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN
OF CHESTER POLICE DEPARTMENT, TOWN OF
CHESTER, JANE JOHNSON SKEELS,

                        Defendants.
----------------------------------------------------------x

       JOSEPH BENDER, by his attorney, Thomas J. Cione, as and for his Verified Complaint, sets forth as follows, upon information and belief:

       1.     The plaintiff, JOSPEH BENDER is the owner and resident of property located at 19 Cardinal Lane, Sugar Loaf, New York.

       2.     Defendants BRIAN J. JARVIS is a resident of Orange County and is the Police Chief of the TOWN OF CHESTER, County of Orange, State of New York.

       3.     TOWN OF CHESTER is a municipality duly organized under the law of the State of New York and is located at 1786 Kings Highway, Chester, New York

       4.     The TOWN OF CHESTER POLICE DEPARTMENT is an agency of the TOWN OF CHESTER authorized to enforce the laws of the TOWN OF CHESTER, STATE OF NEW YORK and is located at 1786 Kings Highway, Chester, New York.

       5.     JANE JOHNSON SKEELS (hereinafter "SKEELS") is a resident of the state of

Pennsylvania and resides at 424 Main Street, Dalton, Pa. 18414.

6. On or about October 15, 2007, plaintiff entered into an agreement with defendant Skeels wherein Skeel's horse "Dresamen" was to be boarded at plaintiffs property for the purpose of eventual sale to the public. The agreement called for expenses of defendant's services, which included, but is not limited to, boarding, grooming, training, feeding, marking, insuring, and sale of the horse to be paid by defendant Skeels according to the agreement therein.

7. Plaintiff submitted a bill to defendant periodically for services provided but defendant did not pay as required under the parties agreement.

8. On or about February 10, 2008, defendant Skeels advised plaintiff that she was not planning on paying plaintiff's bill until the horse was sold for a certain figure. Since defendant's position was not in accordance with the agreement plaintiff advised plaintiff to pay the outstanding bill and pick up the horse from plaintiff's property.

9. On February 14, 2008, defendant trespassed on plaintiff's property at approximately 5:50 a.m. by driving on plaintiff's property with a horse trailer. Defendant was accompanied by a shipper and her husband. The trespasser drove up to the barn where the horse was quartered, entered the barn and attempted to steal the horse without notifying the plaintiff.

10. Skeels actions were heard by plaintiff and tenant Jeffrey MacMurtry who dialed 911 to advise the police of a burglary in process.

11. The TOWN OF CHESTER police arrived within 10 minutes and after speaking with the parties involved the police advised that the matter was civil in nature and that the police would not enforce the actions sought by the defendant Skeels, namely the removal of her horse from plaintiff's property. The police officer at the scene advised that the parties attorneys settle the issue later that day.

12. At approximately 2 p.m. the same day, the TOWN OF CHESTER POLICE DEPARTMENT, dispatched an officer Marc Miller to plaintiff's property. Officer Miller was accompanied by defendant Skeels, her husband, the shipper and the aforementioned horse trailer.

13. Officer Miller advised plaintiff that he was there to enforce the orders of BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER and that plaintiff must return the horse to defendant Skeels or he will be handcuffed and arrested on the spot for Grand Larceny and Obstructing Governmental Administration.

14. Plaintiff immediately called his attorney Thomas J. Cione, Esq., who then spoke to Officer Miller who was asked on what authority did he claim to have which permitted him to remove property on plaintiff's land without a court order or warrant. Officer Miller advised Thomas J. Cione, Esq., that his actions were based on the orders of his boss BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER.

15. Not wanting to get arrested and feeling he had no alternative to react to the illegal actions of the police, plaintiff did not prevent Officer Miller and Skeels, her husband and shipper from trespassing on his property for the purpose of taking the horse Dressman.

16. Officer Miller told plaintiff Bender and resident MacMurtry that they were not permitted to go into the barn but that the police, defendant and her companions would complete the taking of the horse on their own. Failure to comply with his threats, advised Officer Miller, would result in Bender or MacMurtry's arrest.

17. To facilitate the transport of the animal, defendant Skeels stole property from plaintiff's barn, including but not limited to a leather show halter, show bridle and bit. The actions of defendant Skeels were countenanced and approved by Officer Miller. Plaintiff advised Officer Miller that the defendant Skeels was taking property that was not hers. Officer Miller told plaintiff

to shut up and helped defendant Skeels carry the stolen items to the horse trailer. The total accounting of all items stolen has yet to be completed at the time of the filing of the complaint.

18. At approximately 3 p.m. plaintiff called the defendant BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER to find out why he did what he did. Defendant Jarvis advised plaintiff that the law required him to return the horse to its owner, opining that if the parties could not agree on the price of the services provided that it is then the police's job to escort a disgruntled individual who has a civil dispute with a business person and assist them in taking the property in question on private property without a court order or warrant and that if the business owner objected then that person was to be arrested for grand larceny and obstructing governmental administration.

19. The next day, plaintiff received a call from the TOWN OF CHESTER POLICE DEPARTMENT, that the police would be arriving that day to assist yet another person in taking a horse from plaintiff's property just as it assisted defendant Skeels. On inquiry on whose authority the police where basing their actions, plaintiff was advised that BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER ordered that the police once again commit the unjustified and illegal act on plaintiff's property.

### AS FOR A FIRST CAUSE OF ACTION

20. Defendant SKEELS breached the parties agreement and is liable for contract damages in an amount to be determined at trail

### AS AND FOR A SECOND CAUSE OF ACTION

21. Defendant SKEELS is liable to plaintiff for damages for conversion for stealing property of plaintiff from plaintiff's barn.

### AS AND FOR A THIRD CAUSE OF ACTION

22. Defendants BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN

OF CHESTER POLICE DEPARTMENT, TOWN OF CHESTER, JANE JOHNSON SKEELS are liable for damages for breaching the civil rights of plaintiff JOSEPH BENDER by permitting aiding and abetting criminal and civil rights violations to occur on plaintiff's property.

### AS AND FOR A FOURTH CAUSE OF ACTION

23. Defendants BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, TOWN OF CHESTER, JANE JOHNSON SKEELS are liable for damaging the civil rights of plaintiff under the New York State Constitution, laws of the State of New York, constitution of the UNITED STATES OF AMERICA, and the laws of the UNITED STATES OF AMERICA and are liable to pay damages to be determined at trial, including attorneys fees.

### AS AND FOR A FIFTH CAUSE OF ACTION

24. Defendants BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, TOWN OF CHESTER, JANE JOHNSON SKEELS must be permanently and temporarily enjoined from entering the plaintiff's property without a court order, warrant or authority of the laws of the State of New York.

WHEREFORE, plaintiff demands judgment against the above named defendants for

a) damages under the laws of this State, the United States to be determined at trial

b) temporary and permanent injunction enjoining defendants from entering plaintiff's property without authority in law,

c) attorneys fees in an amount to be determined at trial, and

d) for such other and further relief as to this court may seem just and proper.

Dated: February 15, 2008

THOMAS J. CIONE, Esq.
Attorney for JOSEPH BENDER
One Railroad Ave.
P.O. Box 615
Goshen, New York 10924
(845) 294-4273

## VERIFICATION

JOSEPH BENDER, being duly sworn deposes and says:

I am the plaintiff herein, read the annexed Verified Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: Goshen, New York

*[signature]*
JOSEPH BENDER

Sworn to me this 15th day
of February 2008

*[signature]*
Notary

THOMAS J. CIONE
Notary Public, State of New York
No. 4887266
Qualified in Orange County
Commission Expires March 31, 2010

RECEIVED
*[illegible handwriting] Supr. T.C., Atty.*
FEB 21 2008
*[illegible handwriting]*
TOWN CLERK
CHESTER, NEW YORK
*(Pol. Chief has own)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------x
JOSEPH BENDER,

                 Plaintiff,

                                      ORDER TO SHOW
                                      CAUSE with
                                      Temporary Restraining
                                      Order

-against-

                                      Index No.

BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN   2008-001637
OF CHESTER POLICE DEPARTMENT, TOWN OF
CHESTER, JANE JOHNSON SKEELS,

                 Defendants.
----------------------------------------x

    Upon reading and filing the Verified Complaint and Affidavit of Plaintiff JOSEPH BENDER sworn to on February 15, 2008, wherein it is requested that a preliminary injunction be granted preventing defendants from trespassing on plaintiff's property and interfering with the peace and enjoyment of the residents therein and the business conducted thereon pending the outcome of this proceeding,

    NOW, upon motion of Thomas J. Cione, Esq., attorney for plaintiff, it is

    ORDERED, that BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, *AND JANE JOHNSON SKEELS* TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, show cause before this Court at the Courthouse located at the Orange County Government Center, Main Street, Goshen, New York 10924 on ~~February~~ *March* 4, 200~~8~~ at 9 ~~a.m.~~ *10 a.m.* on that day, ~~or as soon thereafter~~

as counsel may be heard, why an order should not be made granting plaintiff a preliminary injunction pending the outcome of this proceeding enjoining defendants from entering plaintiff's property without a warrant or court order, threatening plaintiff with arrest unless he comports with their wishes without authority in law or equity, ~~and further it is~~ *Said appearance shall be held before Hon. Joseph Alessandro, J.S.C.*

~~ORDERED, that pending the hearing and determination of the within application~~ BRIAN J. JARVIS, ~~POLICE CHIEF TOWN OF CHESTER, TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, are enjoined and restrained from entering plaintiff's property without a warrant or court order with respect to conflicts concerning horses on said property located at 19 Cardinal Lane, Sugarloaf, New York and further it is~~

ORDERED, that *PERSONAL SERVICE OF* a copy of this Order and all papers upon which it is based be served upon defendants ~~personally~~ on or ~~about~~ *BEFORE February 26, 2008, BE SUFFICIENT. THE PARTIES AND COUNSEL SHALL APPEAR IN PERSON ON THE RETURN DATE.*

Dated: Goshen, New York
February 15, 2008

ENTER,

/s/ ~~Justice of the Supreme Court~~
*Acting Justice of Supreme Court*
*Hon. Lori Currier Woods.*

ORDERED that the plaintiff shall immediately provide to the court a copy of a summons before the return date and serve said summons on the defendants with this order to show cause and accompanying papers.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------x
JOSEPH BENDER,

            Plaintiff,

                     AFFIDAVIT
                     Index No.

    -against-

                     2008-001637

BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN
OF CHESTER POLICE DEPARTMENT, TOWN OF
CHESTER, JANE JOHNSON SKEELS,

            Defendants.
------------------------------------------------------------x
STATE OF NEW YORK)
        ss.:
COUNTY OF ORANGE)

    JOSEPH BENDER, being duly sworn deposes and says the following in support of the ORDER TO SHOW CAUSE,

    1.  I am the plaintiff, and the owner and resident of property located at 19 Cardinal Lane, Sugar Loaf, New York. I conduct a licensed and registered horse dealing business on the property. I also live on the property with tenants and my two minor daughters.

    2.  JANE JOHNSON SKEELS (hereinafter "SKEELS") is a resident of the state of Pennsylvania and resides at 424 Main Street, Dalton, Pa. 18414.

    3.  On or about October 15, 2007, I entered into an agreement with defendant Skeels wherein Skeel's horse "Dressman" was to be boarded at plaintiffs property for the purpose of eventual sale to the public. The agreement called for expenses of defendant's services, which included, but is not limited to, boarding, grooming, training, feeding, marking, insuring, and sale of the horse to be paid by defendant Skeels according to the agreement therein.

4. I submitted a bill to defendant periodically for services provided but defendant did not pay as required under the parties agreement. My latest bill which does not include all charges due me is attached hereto as Exhibit "A".

5. On or about February 10, 2008, defendant Skeels advised me that she was not planning on paying plaintiff's bill until the horse was sold for a certain figure. Since defendant's position was not in accordance with the agreement I advised defedant to pay the outstanding bill and pick up the horse from my property.

6. On February 14, 2008, defendant trespassed on my property at approximately 5:50 a.m. by driving on the property with a horse trailer. Defendant was accompanied by a shipper and her husband. The trespasser drove up to the barn where the horse was quartered, entered the barn and attempted to steal the horse without notifying me.

7. Skeels actions were heard by me and tenant Jeffrey MacMurtry who dialed 911 to advise the police of a burglary in process.

8. The TOWN OF CHESTER police arrived within 10 minutes and after speaking with the parties involved the police advised that the matter was civil in nature and that the police would not enforce the actions sought by the defendant Skeels, namely the removal of her horse from my property. The police officer at the scene advised that the parties attorneys settle the issue later that day.

9. At approximately 2 p.m. the same day, the TOWN OF CHESTER POLICE DEPARTMENT, dispatched an officer Marc Miller to my property. Officer Miller was accompanied by defendant Skeels, her husband, the shipper and the aforementioned horse trailer.

10. Officer Miller advised me that he was there to enforce the orders of BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER and that I must return the horse to defendant

Skeels or I will be handcuffed and arrested on the spot for Grand Larceny and Obstructing Governmental Administration. I requested that nothing be done until I had the opportunity to speak with my attorney and the district attorneys office. Officer Skeets said "we don't have time for that. Stand back we are taking the horse".

11. I immediately called my attorney Thomas J. Cione, Esq., who then spoke to Officer Miller who was asked on what authority did he claim to have which permitted him to remove property on my land without a court order or warrant. Officer Miller advised Thomas J. Cione, Esq., that his actions were based on the orders of his boss BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER.

12. Not wanting to get arrested and feeling I had no alternative to react to the illegal actions of the police, I did not prevent Officer Miller and Skeels, her husband and shipper from trespassing on my property for the purpose of taking the horse Dressman.

13. Officer Miller told me and resident MacMurtry that we were not permitted to go into the barn but that the police, defendant and her companions would complete the taking of the horse on their own. Failure to comply with his threats, advised Officer Miller, would result in my or MacMurtry's arrest.

14. To facilitate the transport of the animal, defendant Skeels stole property from my barn, including but not limited to leather show halter, show bridle and bit. The actions of defendant Skeels were countenanced and approved by Officer Miller who helped defendants load the stolen property into their trailer. I told Officer Miller that the defendant Skeels was taking property that was not hers. Officer Miller told plaintiff to shut up. A total accounting of all items stolen has yet to be completed at the time of the filing of the complaint.

15 At approximately 3 p.m. I called the defendant BRIAN J. JARVIS, POLICE

CHIEF TOWN OF CHESTER to find out why he did what he did. Defendant Jarvis advised me that the law required him to return the horse to its owner, opining that if the parties could not agree on the price of the services provided that it is then the police's job to escort a disgruntled individual who has a civil dispute with a business person and assist them in taking the property in question on private property without a court order or warrant and that if the business owner objected then that person was to be arrested for grand larceny and obstructing governmental administration.

16. The next day, I received a call from the TOWN OF CHESTER POLICE DEPARTMENT, and was advised that the police would be arriving that day to assist yet another person in taking a horse from my property just as it assisted defendant Skeets. On inquiry on whose authority the police where basing their actions, I was advised that BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER ordered that the police once again commit unjustified and illegal actions on my property.

WHEREFORE, I demand judgment against the above named defendants for

a) damages under the laws of this State, the United States, said amounts to be determined at trial,

b) temporary and permanent injunction enjoining defendants from entering my property without authority in law,

c) attorneys fees in an amount to be determined at trial, and

d) for such other and further relief as to this court may seem just and proper.

JOSEPH BENDER

Sworn to me this
15th day of February 2008

Notary

THOMAS J. GIONE
Notary Public, State of New York
No. [illegible]
Qualified in [illegible]
Commission Expires March [illegible]

# EXHIBIT A

Please make check payable to "Joe Bender"

## Bender Barn — Sale
P.O. Box 257, Sugar Loaf, NY 10981 — (845) 469-2317

To: Joe Johnson Skeets    Date: 2-6-2008    Re: Dressmann / Noble Hudson

| Item | Amount | |
|---|---|---|
| | 300.— | |
| Vet X-rays Inj. etc. | 1032.— | |
| Membership / Horse Record (ea. 90.) | 100.— | |
| Horse show Grassnertown | 289.— | |
| Horse show New Hope | 312.— | |
| Horse show Gardnertown | 394.— | |
| Health + Mort. Ins | 520.— | |
| | 5000 | 203.12 |
| Braiding 5 times | 125.— | |
| Blanket repair / retail cleaning | 54.— | |
| | 175.— | |
| Lots of Shoes Martinez | 840.— | |
| Vets + Sophate etc. | 275.— | |
| | | 9466.— |
| | | 203.12 |
| | | 9669.12 |

Tax I.D. Number
Kindly make payment to the above address upon receipt.
Thank You