UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH BENDER,

                            Plaintiff,

         -against-

BRIAN J. JARVIS, POLICE CHIEF TOWN OF CHESTER, TOWN OF CHESTER POLICE DEPARTMENT, TOWN OF CHESTER and JANE JOHNSON SKEELS,

                            Defendants.
------------------------------------------------------------------X

**AMENDED ANSWER**

08 Civ. 2087
(CLB)(MDF)

Defendants Brian J. Jarvis, Police Chief of the Town of Chester, the Town of Chester Police Department and the Town of Chester, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answer the plaintiff's complaint as follows.

1.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

2.    Admit the allegations contained in paragraph "2" of the complaint.

3.    Deny the allegations contained in paragraph "3" of the complaint, except admit that the Town of Chester is a municipality duly organized under the law of the State of New York with offices located at 1786 Kings Highway, Chester, New York.

4.    Admit the allegations contained in paragraph "4" of the complaint.

5.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12. Deny the allegations contained in paragraph "12" of the complaint.

13. Deny the allegations contained in paragraph "13" of the complaint.

14. Deny the allegations contained in paragraph "14" of the complaint.

15. Deny the allegations contained in paragraph "15" of the complaint, except admit that plaintiff did not prevent Skeels from taking the horse.

16. Deny the allegations contained in paragraph "16" of the complaint.

17. Deny the allegations contained in paragraph "17" of the complaint.

18. Deny the allegations contained in paragraph "18" of the complaint.

19. Deny the allegations contained in paragraph "19" of the complaint.

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint.

22. Deny the allegations contained in paragraph "22" of the complaint.

23. Deny the allegations contained in paragraph "23" of the complaint.

24. Deny the allegations contained in paragraph "24" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

25. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

26. At all times relevant to the acts alleged in the complaint, the answering defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

27. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the answering defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

28. Defendant Brian J. Jarvis, Police Chief of the Town of Chester, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

29. The Town of Chester Police Department is not a suable entity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

30. The answering defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political

subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

31. The answering defendants are entitled to immunity for discretionary acts.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

32. Plaintiff failed to comply with the conditions precedent to suit pursuant to Gen. Mun. Law §§ 50-e, 50-i, and 50-h.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

33. This action is not ripe for adjudication.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

34. This action is moot.

**WHEREFORE**, defendants Brian J. Jarvis, Police Chief of the Town of Chester, the Town of Chester Police Department and the Town of Chester request judgment dismissing the

complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

DATED:   Mineola, New York
         June 19, 2008

                MIRANDA SOKOLOFF SAMBURSKY
                SLONE VERVENIOTIS LLP
                Attorneys for Defendants
                BRIAN J. JARVIS, POLICE CHIEF OF THE
                TOWN OF CHESTER,
                TOWN OF CHESTER POLICE DEPARTMENT,
                and the TOWN OF CHESTER

By: /s/ Steven C. Stern
                STEVEN C. STERN (SS 2573)
                240 Mineola Blvd.
                Mineola, New York  11501
                (516) 741-7676
                Our File No. 08-108

TO:   THOMAS J. CIONE, ESQ.
      Attorney for Plaintiff
      JOSEPH BENDER
      One Railroad Avenue
      P.O. Box 615
      Goshen, New York 10924
      (845) 294-4273